UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:15-CV-490-LY |
| | § | |
| ROY HENRY    , | § | |
| Defendant | § | |

### DEFENDANT'S OPPOSED MOTION FOR SANCTIONS

Defendant requests that the Court impose sanctions against Plaintiff and his counsel, Omar Rosales, under this Court's inherent power. Plaintiff's Motion for Sanctions[1] and Reply in Support of Motion for Sanctions[2] contain knowingly false and outrageous personal attacks against Mr. Harrington, including stating that Mr. Harrington made racial slurs against Plaintiff's counsel, and that Mr. Harrington made "unprofessional" and "derogatory" statement about Mr. Rosales based on Mr. Rosales's alleged medical condition. Those false and inflammatory *ad hominem* attacks constitute bad faith conduct in litigation that should be sanctioned under this Court's inherent powers.

### Plaintiff's Counsel Should Be Sanctioned for His Abusive Behavior toward Defendant's Counsel

It is well established that "[a] district court has the inherent authority to impose sanctions in order to control the litigation before it."[3] This includes "the power to levy sanctions in response to abusive litigation practices."[4] Accordingly, this Court "has inherent power to

---

[1] Dkt. # 67.

[2] Dkt. #80.

[3] *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (internal quotation marks omitted).

[4] *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993).

sanction attorneys for bad faith conduct in litigation."[5]

The Fifth Circuit has upheld inherent power sanctions against attorneys who have engaged in "obnoxious and abusive" behavior towards opposing counsel.[6] Likewise, the Fifth Circuit has observed "it is highly inappropriate for a lawyer to make personal attacks on opposing counsel during any stage of litigation."[7]

Here, Mr. Rosales has engaged in a repeated pattern of vitriolic and offensive attacks on Mr. Harrington. Specifically, his filings in this case have included the following false and baseless allegations:

- Mr. Harrington used "racial slurs against Plaintiff's counsel."[8]

- Mr. Harrington believes it is "acceptable to refer to Hispanics as toads, sapos, snitches, and South American Pieces of Shit."[9]

- Asserting that Mr. Harrington's purported use of the term sapo is "the same racist and twisted logic that refers to people of color as monkey's, gorillas, rats, and roaches."[10]

---

[5] *Crowe v. Smith*, 261 F.3d 558, 563 (5th Cir. 2001).

[6] *See In re First City Bancorporation of Texas Inc.,* 282 F.3d 864 (5th Cir. 2002) (holding that bankruptcy court did not abuse its discretion by imposing $25,000 sanction on attorney who referring to opposing counsel as "incompetent," or as "underling" who graduated from 29th-tier law school and court had repeatedly warned attorney not to engage in personal attacks); *see also Petito v. Brewster*, No. 3-08-CV0006-L, 2008 WL 631326, at *3 (N.D. Tex. 2008) (imposing inherent power sanctions on attorney for rhetorical attacks on opposing counsel which included ambiguous references to "known families in New York and New Jersey," "giving the nod," and having a "sit down" to discuss some type of unspecified action).

[7] *Mayes v. Kollman*, 560 F. App'x 389, 395 (5th Cir. 2014) (citing *United States v. Young,* 470 U.S. 1, 9 (1985) (observing that "inflammatory attacks on the opposing advocate" have "no place in the administration of justice and should neither be permitted nor rewarded; a trial judge should deal promptly with any breach [of this rule] by either counsel"); *Ransmeier v. Mariani,* 718 F.3d 64, 68 (2d Cir. 2013) (describing "*ad hominem* attacks on opposing counsel" as "offensive" and as a potential basis for sanctions); *Thomas v. Tenneco Packaging Co., Inc.,* 293 F.3d 1306, 1308 (11th Cir. 2002) (per curiam) ("We conclude that an attorney who submits . . . *ad hominem* attacks directed at opposing counsel is subject to sanction under the court's inherent power to oversee attorneys practicing before it.").

[8] Plaintiff's Opposed Motion for Sanctions [Dkt. #67] at 1, 3.

[9] Plaintiff's Reply in Support of Opposed Motion for Sanctions [Dkt. # 80] at 2.

[10] *Id.* at 2-3

- Mr. Harrington is only representing Defendants, and others being sued by Mr. Deustch, "to spite [Mr. Rosales] the Plaintiff's counsel, frustrate the administration of justice, and make a mockery of the U.S. Court system."[11]

- Mr. Harrington has attacked Mr. Rosales because of his (previously undisclosed) medical condition.[12]

- Mr. Harrington has violated Western District Local Rules, the Texas Disciplinary Rules of Professional Conduct, and standing court orders.[13]

These *ad hominem* attacks against Mr. Harrington are not just limited to the present case. Instead, Mr. Rosales has continued these horrendous insults (and more) against Mr. Harrington in other cases in which both counsel are associated.[14] In an order denying a motion for sanctions Mr. Rosales filed against Mr. Harrington in this case, United States Magistrate Judge Lane warned Mr. Rosales that should he continue such personal attacks, such conduct will be met with sanctions.[15]

Defendant asks this Court to intervene to stop Mr. Rosales's repeated, false, and

---

[11] *Id.* at 5.

[12] Plaintiff's Opposed Motion for Sanctions [Dkt. # 67] at 3-4.

[13] *Id.* at 3-4.

[14] *See, e.g., Deustch v. Throckmorton*, Case No. 1:16-CV-112-SS (Plaintiff's Response in Opposition to Motion to Consolidate Cases [Dkt. #15, pp. 10-12], claiming that Mr. Harrington is "erratic," "bizarre," "unprofessional," and "homophobic."); *Deutsch v. Clark*, Case 1:16-CV-088-LY (Plaintiff's Opposed Motion for Sanctions [Dkt. #48] and Plaintiff's Reply in Support of Opposed Motion for Sanctions [Dkt. # 65]); *Deutsch v. Henry*, Case 1:15- CV-490-LY (Plaintiff's Opposed Motion for Sanctions [Dkt. # 67] and Plaintiff's Reply in Support of Opposed Motion for Sanctions [Dkt. #80]); *Deutsch v. Draker Enterprises*, Case 1:15- CV-807-LY (Plaintiff's Opposed Motions for Sanctions [Dkts. #11, #13] and Plaintiff's Reply in Support of Opposed Motion for Sanctions [Dkt. #33]; Response in Opposition to Motion to Compel [Dkt. #27]); *Deutsch v. La Tierra De Simmons Familia Ltd.*, Case 1-15-CV-901-RP ((Plaintiff's Opposed Motion for Sanctions [Dkt. #37], Motion for Sanctions: Further Racist Comments by Defense Counsel [Dkt. #32] and Plaintiff's Reply in Support of Opposed Motion for Sanctions [Dkt. #42]); *Deutsch v. Phil's Ice House, Inc.*, Case 1-15-CV-974-RP (Plaintiff's Opposed Motion for Sanctions [Dkt. #20], and Plaintiff's Reply in Support of Opposed Motion for Sanctions [Dkt. #24]).

[15] *See* Order [Dkt. #38] ("strongly condemn[ing]" Mr. Rosales's behavior towards Mr. Harrington and warning Mr. Rosales that if "the personal insults directed towards Defense counsel by Plaintiff's counsel" did not stop, "the court will not hesitate to grant a renewed motion for sanctions and reserves the right to impose sanctions sua sponte"); *see also* Order entered May 27, 2016 [Dkt. #30] (denying Mr. Rosales's motion for sanctions against Mr. Harrington and finding that the "lionshare" of Mr. Rosales's allegations against Mr. Harrington were "baseless and even fantastical" and "borderline incredible").

offensive personal insults against opposing counsel. Such conduct is the epitome of bad faith litigation conduct that should be sanctioned under this Court's inherent power.

## Conclusion

Defendant asks this Court to intervene to stop Mr. Rosales's repeated, false, and offensive personal insults against opposing counsel. Such conduct is the epitome of bad faith litigation conduct that should be sanctioned under this Court's inherent power.

At a minimum, Plaintiff and his counsel should be required to pay defense counsel's reasonable attorney's fees, expenses, and costs incurred in connection with the preparation, filing of Defendant's responses to Plaintiff's counsel's offending pleadings, as well as the preparation of this Motion for Sanctions.

Defendant further asks that the Court grant such further relief to which Defendant is justly entitled.

Dated: July 20, 2016

                Respectfully submitted,

                /s/ James C. Harrington_____
                James C. Harrington
                Texas Bar No. 09048500
                1405 Montopolis Drive
                Austin, TX 78741
                (512) 474-5073 [phone]
                (512) 474-0726 [fax]

                ATTORNEY FOR DEFENDANT

CERTIFICATE OF CONFERENCE

I certify that, on July 20, 2016, I sent a copy of this motion to Plaintiff's counsel. As of 3:00pm, Plaintiff's counsel had not responded. However, there is no doubt he would oppose the motion since it involves sanctions against him and Plaintiff.

/s/ James C. Harrington
James C. Harrington

CERTIFICATE OF SERVICE

I certify that, on July 20, 2016, I electronically filed the foregoing with this Court using the CM/ECF system, which will send notification of such filing to Plaintiff's counsel, Omar W. Rosales. I also served opposing counsel via e-mail at talon_eye@yahoo.com.

/s/ James C. Harrington
James C. Harrington