IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2016 AUG -4  PM 1:28



| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| ROY HENRY, | § | A-15-CV-490-LY-ML |
| Defendant. | § | |

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| DRAKER ENTERPRISES, INC., | § | A-15-CV-807-LY-ML |
| Defendant. | § | |

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| CHIWAWA, INC., | § | A-15-CV-1238-LY-ML |
| Defendant. | § | |

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| CHRIS D. CLARK AND RONI CLARK, | § | A-16-CV-88-LY-ML |
| Defendants. | § | |

1

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| LA TIERRA DE SIMMONS FAMILIA LTD., | § | A-15-CV-901-RP-ML |
| | § | |
| Defendant. | | |

| | | |
|---|---|---|
| | § | |
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | A-15-CV-974-RP-ML |
| PHIL'S ICEHOUSE INC., | § | |
| Defendant. | | |

## **ORDER**

On August 3, 2016, the undersigned held a hearing on pending motions in the above-styled causes. The motions were referred to the undersigned for disposition by United States District Judges Lee Yeakel and Robert Pitman. *See* 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72; Loc. R. W. D. Tex. Appx. C, Rule 1(d). Because many of the issues in the pending motions contain similar, if not identical, legal and factual questions, and because the Plaintiff, his counsel, and the various Defendants' counsel are identical in each case, the undersigned determined it was efficient to hold a single oral hearing on all pending, referred motions in the above-styled causes. This Order memorializes certain matters discussed in the hearing.

In each of the above-styled causes of action, Defendants have filed motions requesting sanctions be imposed on counsel for Plaintiff. Having conducted a preliminary hearing on these sanctions motions, the undersigned finds that an evidentiary hearing on Defendants' sanction requests is in order. *See, e.g.*, *Meriman v. Security Ins. Co. of Hartford*, 100 F.3d 1187, 1192 (5th Cir. 1996) (noting discretionary nature of evidentiary hearing on a motion for sanctions); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("When necessary, the district court may hold an evidentiary hearing on a motion for sanctions."). Accordingly, as stated at the August 3rd hearing, Defendants shall have until **August 10, 2016** to file briefing regarding the alleged sanctionable conduct of Plaintiff's counsel. In their briefing, Defendants must specify the exact statements or actions of Plaintiff's counsel that they believe merit sanctions and identify the capacity in which these statements were made.

Plaintiff's counsel will have seven (7) days from the date of Defendants' filing to submit a response to Defendants' allegations. The undersigned will then review the briefing and determine which allegations of sanctionable conduct merit an evidentiary hearing.

Finally, at the August 3rd hearing, counsel for Plaintiff indicated that he intended to withdraw several of the motions he has filed across the above-style actions, including several of his own motions for sanctions. As stated on the record at the August 3rd hearing, any motions that Plaintiff's counsel has not moved to withdraw by Friday August 5, 2016 will be considered ripe for disposition.

SIGNED August 4, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE