# EXHIBIT 1

# EXHIBIT 1

## Particular Acts of Sanctionable Misconduct

### A. False, abusive statements concerning Mr. Harrington[1]

1–7.     Mr. Harrington used "racial slurs against Plaintiff's counsel."[2] (*Statement made in seven separate filings*)

8–12.    Mr. Harrington believes it is "acceptable to refer to Hispanics as toads, sapos, snitches, and South American Pieces of Shit."[3] (*Statement made in five separate filings*)

13–17.   Asserting that Mr. Harrington's purported use of the term sapo is "the same racist and twisted logic that refers to people of color as monkey's, gorillas, rats, and roaches."[4] (*Statement made in five separate filings*)

18–23.   Mr. Harrington used "racist and anti–Semitic terms against minorities (and then claiming it is okay because he is married to a minority)."[5] (*Statement*

---

[1] *See* Section II.A. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[2] *Deutsch v. Clark*, 1:16-CV-088-LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 48) at 1, 3; *Deutsch v. Chiwawa, Inc.*, 1:15-CV-1238-LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 28) at 1, 3; *Deutsch v. Draker Enterprises, Inc.*, 1:15-CV-807-LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 11) at 1, 3; *Deutsch v. Draker Enterprises, Inc.*, 1:15-CV-807-LY, Motion for Sanctions: Racist Comments Used By Defense Counsel (Dkt. # 13) at 2; *Deutsch v. Henry*, 1:15-CV-490-LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 67) at 1, 3; *Deutsch v. Phil's Icehouse, Inc.*, 1:15-CV-974-RP, Plaintiff's Opposed Motion for Sanctions (Dkt. # 20) at 1, 3; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15-CV-901-RP, Plaintiff's Opposed Motion for Sanctions (Dkt. # 37) at 1, 3.

[3] *Deutsch v. Clark*, 1:16-CV-088-LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 65) at 2; *Deutsch v. Draker Enterprises, Inc.*, 1:15-CV-807-LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 33) at 2; *Deutsch v. Henry*, 1:15-CV-490-LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 80) at 2; *Deutsch v. Phil's Icehouse, Inc.*, 1:15-CV-974-RP, Plaintiff's Reply in Support of Motion for Sanctions (Dkt. # 24) at 2; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15-CV-901-RP, Plaintiff's Reply in Support of Motion for Sanctions (Dkt. # 42) at 2.

[4] *Deutsch v. Clark*, 1:16-CV-088-LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 65) at 2-3; *Deutsch v. Draker Enterprises, Inc.*, 1:15-CV-807-LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 33) at 2-3; *Deutsch v. Henry*, 1:15-CV-490-LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 80) at 2-3; *Deutsch v. Phil's Icehouse, Inc.*, 1:15-CV-974-RP, Plaintiff's Reply in Support of Motion for Sanctions (Dkt. # 24) at 2-3; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15-CV-901-RP, Plaintiff's Reply in Support of Motion for Sanctions (Dkt. # 42) at 2-3.

[5] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 1; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in

*made in six separate filings*)

24–29.   Mr. Harrington "appears to have a medical issue."[6] (*Statement made in six separate filings*)

30–35.   If Mr. Harrington "is hearing angels, he needs medical treatment immediately."[7] (*Statement made in six separate filings*)

36–41.   Mr. Harrington "is in a fugue state and doesn't really know what is going on."[8] (*Statement made in six separate filings*)

42–43.   Mr. Harrington has made "continual comments" that "show a high level of

---

Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 1; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 1; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 1; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 1; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 1.

[6] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 1, 4; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 1, 4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 1, 4; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 1, 4; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 1, 4; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 1, 4.

[7] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 7; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 7; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 7; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 7; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 7; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 7.

[8] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 8; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 8; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 8; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 8; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 8; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 8.

hostility, racism, and hatred to people who are not the majority and white like Jim Harrington."[9] (*Statement made in two separate filings*)

44–45.  Mr. Harrington "treats Hispanics like servants and 'noble savages' that need his superlative help and guidance."[10] (*Statement made in two separate filings*)

46–48.  "Mr. Harrington knows that Mr. Rosales's first job was washing dishes at a Mexican Restaurant."[11] (*Statement made in three separate filings*)

49.  Mr. Harrington set depositions at Maudie's restaurant (the parking lot that is in issue in *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY) as a "covert racist jab at Plaintiff's counsel . . . ."[12]

50–51.  Mr. Harrington set depositions at Maudie's restaurant (the parking lot that is in issue in *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY) "in order to make fun of Plaintiff counsel's ancestry and race (and in a Federal lawsuit regarding discrimination) . . . [which] is both racist and inflammatory."[13] (*Statement made in two separate filings*)

52–54.  Since Mr. Harrington noticed depositions at Maudie's restaurant, "Does Jim Harrington expect Mr. Rosales to mop the floors and bring him chips and salsa also? If Mr. Rosales were African–American, would Jim Harrington order the Deposition be held in a Church's Fried Chicken? If Mr. Rosales were Asian, would Harrington order the Deposition be held in a Chinese Buffet

---

[9] *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Motion for Sanctions: Racist Comments Used by Defense Counsel (Dkt. # 13) at 3; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Motion for Sanctions: Further Racist Comments by Defense Counsel (Dkt. # 32) at 3.

[10] *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Motion for Sanctions: Racist Comments Used by Defense Counsel (Dkt. # 13) at 3 *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Motion for Sanctions: Further Racist Comments by Defense Counsel (Dkt. # 32) at 3.

[11] *Deutsch v. Draker Enterprises, Inc.*, 1:15-CV-807-LY, Motion for Sanctions: Racist Comments Used By Defense Counsel (Dkt. # 13) at 1, 4; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15-CV-901-RP, Motion for Sanctions: Further Racist Comments Used by Defense Counsel (Dkt. # 32) at 4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Motion to Compel (Dkt. # 27) at 1, 3.

[12] *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Motion to Compel (Dkt. # 27) at 1.

[13] *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Motion for Sanctions: Racist Comments Used by Defense Counsel (Dkt. # 13), at 4; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15-CV-901-RP, Motion for Sanctions: Further Racist Comments Used by Defense Counsel (Dkt. # 32) at 4.

restaurant?"[14] (*Statement made in three separate filings*)

55.     Mr. Harrington "asked Plaintiff if he was a cross–dresser."[15]

56.     Because "Hispanic employees work for [Mr. Harrington], he sees it as perfectly acceptable to demean Hispanics and used racist language towards Mexican–Americans."[16]

57–61.  Mr. Harrington is representing Defendants, and others being sued by Mr. Deustch, only "to spite [Mr. Rosales] the Plaintiff's counsel, frustrate the administration of justice, and make a mockery of the U.S. Court system."[17] (*Statement made in five separate filings*)

62–67.  Mr. Harrington has violated Western District Local Rules, the Texas Disciplinary Rules of Professional Conduct, and standing court orders.[18] (*Statement made in six separate filings*)

---

[14] *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Motion for Sanctions: Racist Comments Used by Defense Counsel (Dkt. # 13), at 4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Motion to Compel (Dkt. # 27) at 3; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Motion for Sanctions: Further Racist Comments Used by Defense Counsel (Dkt. # 32) at 4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Motion to Compel (Dkt. # 27) at 3.

[15] *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Motion for Sanctions: Racist Comments Used by Defense Counsel (Dkt. # 13) at 3. Mr. Harrington never asked Plaintiff if he was a "cross-dresser." Rather, during a deposition Plaintiff asked Mr. Harrington if he was accusing Plaintiff of being a "cross-dresser" when Mr. Harrington simply asked Plaintiff about his alleged visit to a woman's clothing store. *See* Deposition of Jon Deutsch, pp. 63-64, February 18, 2016, *Deutsch v. Henry*, Cause No, 1:15-CV-15-490-LY, attached as Exhibit 7.

[16] *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15-CV-901-RP, Motion for Sanctions: Further Racist Comments Used by Defense Counsel (Dkt. # 32) at 4.

[17] *Deutsch v. Clark*, 1:16–CV–088–LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 65)  at 5; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 33) at 5; *Deutsch v. Henry*, 1:15–CV–490–LY, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 80), at 5; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Plaintiff's Reply in Support of Opposed Motion for Sanctions  (Dkt. # 24) at 5; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Plaintiff's Reply in Support of Opposed Motion for Sanctions (Dkt. # 42) at 5.

[18] *Deutsch v. Clark*, 1:16–CV–088–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 48) at 2–4; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 28) at 2-4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Motion for Sanctions: Racist Comments Used by Defense Counsel (Dkt. # 13) at 2-3, 5; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 11) at 2-4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Motion to Compel (Dkt. # 27) at 3; *Deutsch v. Henry*, 1:15–CV–490–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 67) at 2-4.

68–73.    Suggesting that Mr. Harrington called Mr. Rosales a "sapo" because of Mr. Rosales's medical condition.[19] (*Statement made in six separate filings*)

74–79.    Mr. Harrington "has engaged in extreme behavior."[20] (*Statement made in six separate filings*)

80–85.    Mr. Harrington engaged in a "strange and bizarre rant."[21] (*Statement made in six separate filings*)

86–91.    Mr. Harrington "stormed out of a deposition (when he realized his client's case was falling apart) and took documents that were already admitted into the record."[22] (*Statement made in six separate filings*)

---

[19] *Deutsch v. Clark*, 1:16–CV–088–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 48) at 3; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 28) at 3; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 11) at 3-4; *Deutsch v. Henry*, 1:15–CV–490–LY, Plaintiff's Opposed Motion for Sanctions (Dkt. # 67) at 3-4; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Plaintiff's Opposed Motion for Sanctions (Dkt. # 20) at 3; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Plaintiff's Opposed Motion for Sanctions (Dkt. # 37), at 3. In fact, Mr. Harrington did not know of Mr. Rosales's medical condition until Mr. Rosales disclosed it in his filings.

[20] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 1; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 1; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 1; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 1; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 1; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 1.

[21] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 4; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 4; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 4; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 4; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 4; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 4.

[22] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70), at 5; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35), at 5; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 5; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 5; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in

92–97.    Mr. Harrington "refused to provide new deposition dates in violation of the Court's order."[23] (*Statement made in six separate filings*)

98–103.   Mr. Harrington was "improperly using the resources and personnel" of the Texas Civil Rights Project.[24] (*Statement made in six separate filings*)

104.      Mr. Harrington is a "lying draft dodger."[25]

105.      "[C]alling [Mr. Harington] a coward would be generous."[26]

106–109.  Mr. Harrington has been "stalking Plaintiff's counsel."[27] (*Statement made in at*

---

Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 5; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 5.

[23] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 6; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 6; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 6; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 6; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 6; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 6.

[24] *Deutsch v. Clark*, 1:16–CV–088–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 70) at 7; *Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 35) at 7; *Deutsch v. Draker Enterprises, Inc.*, 1:15–CV–807–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 39) at 7; *Deutsch v. Henry*, 1:15–CV–490–LY, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 88) at 7; *Deutsch v. Phil's Icehouse, Inc.*, 1:15–CV–974–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 31) at 7; *Deutsch v. La Tierra De Simmons Familia Ltd.*, 1:15–CV–901–RP, Response in Opposition to Defendant's Motion for Sanctions (Dkt. # 52) at 7.

[25] *See, e.g., Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Defendant's Response in Opposition to Plaintiff's Motion for Sanctions (Dkt. # 31) at 6 (showing February 1, 2016 email from Mr. Rosales to Mr. Harrington in which Mr. Rosales calls Mr. Harrington a "lying draft dodger").

[26] *See, e.g., Deutsch v. Chiwawa, Inc.*, 1:15–CV–1238–LY, Defendant's Response in Opposition to Plaintiff's Motion for Sanctions (Dkt. # 31) at 6 (showing February 1, 2016 email from Mr. Rosales to Mr. Harrington in which Mr. Rosales says, "calling you a coward would be generous.").

[27] *Deutsch v. Clark*, 1:16–CV–088–LY, Motion for Separate Hearing (Dkt. # 25), at 1; *Deutsch v. Clark*, 1:16–CV–088–LY, Motion for Adverse Inference, Motion for Sanctions, and Motion to Disqualify Counsel (Dkt. # 15) at 7; *Deutsch v. Clark*, 1:16–CV–088–LY, May 26, 2016 Hearing on Motion for Adverse Inference, Motion for Sanctions, and Motion to Disqualify Counsel; *Rosales v. Harrington*, C–1–CV–16–004470, In County Court at Law No. 4, Travis County, Texas, Application for Protective Order Under Article 7A, p. 2.

*least four separate filings*)

110–111.  Mr. Harrington "threatened Plaintiff's counsel's life."[28] (*Statement made in at least two separate filings*)

112.  Mr. Harrington stole and "destroyed" evidence "due to the fact that the exhibit was extremely adverse to [Mr. Harrington's clients'] case."[29]

113.  Mr. Harrington was guilty of "witness tampering" and violations of Texas Penal Code § 36.05(2) and § 36.05(5).[30]

### B. Filing an Allegedly Fabricated Email[31]

114.  Filing an email as an exhibit in support of Plaintiff's Response in Opposition to [Defendants'] Motion to Compel and Motion for Sanctions,[32] that falsely purports to have been sent from Mr. Rosales's email address (talon_eye@yahoo.com) to Mr. Harrington's email address (jch@utexas.edu) on June 22, 2016 at 3:25 p.m.[33] Plaintiff and Mr. Rosales filed the email in support of the statement that "[d]espite repeated requests, the Defense counsel never made the Defendants available to complete their depositions prior to the Court's deadline of July 1, 2016."[34]

---

[28] *Deutsch v. Clark*, 1:16–CV–088–LY, Motion for Adverse Inference, Motion for Sanctions, and Motion to Disqualify Counsel (Dkt. # 15) at 7, 9-10; *Deutsch v. Clark*, 1:16–CV–088–LY, May 26, 2016 Hearing on Motion for Adverse Inference, Motion for Sanctions, and Motion to Disqualify Counsel.

[29] *Deutsch v. Clark*, 1:16–CV–088–LY, Motion for Adverse Inference, Motion for Sanctions, and Motion to Disqualify Counsel (Dkt. # 15) at 9.

[30] *Rosales v. Harrington*, C–1–CV–16–004470, In County Court at Law No. 4, Travis County, Texas, Application for Protective Order Under Article 7A, p. 3.

[31] *See* Section II.B. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[32] *Deutsch v. Clark*, 1:16–CV–088–LY, Dkt. # 62–4.

[33] *See* Email attached Ex. 4 to Plaintiff's Response in Opposition to (Defendants') Motion to Compel and Motion for Sanctions, *Deutsch v. Clark*, 1:16–CV–088–LY (Dkt. 62–4).

[34] *Deutsch v. Clark*, 1:16–CV–088–LY, Plaintiff's Response in Opposition to [Defendants'] Motion to Compel and Motion for Sanctions (Dkt. # 62) at 9.

### C. Mr. Rosales's criminal–stalking charge and related filings against Mr. Harrington[35]

115. Filing a report with the Austin Police Department alleging that Mr. Harrington was stalking Mr. Rosales and that Mr. Harrington made a terroristic threat against Mr. Rosales.[36]

116. Filing an Application for Protective Order Under Article 7A of the Texas Code of Criminal Procedure against Mr. Harrington in County Court at Law No. 4 in Travis County, Texas, and obtaining an *ex parte* restraining order in that same proceeding.[37]

### D. Mr. Deutsch and Mr. Rosales Filing a Motion for Separate Hearing in *Deutsch v. Clark*, 1:16–CV–88–LY[38]

117. Filing the Motion for Separate Hearing in *Deutsch v. Clark*, 1:16–CV–88–LY, Dkt. # 25, based on the *ex parte* restraining order that prohibited Mr. Harrington from going within 200 yards of Mr. Rosales or communicating with Mr. Rosales.

### D. Mr. Rosales's improper, derogatory statements about this Court and Judge Yeakel[39]

118. Mr. Rosales made derogatory allegations against this Court and Judge Yeakel in a mandamus petition filed with the Fifth Circuit.[40] The mandamus petition sought to

---

[35] *See* Section II.C. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[36] *See Rosales v. Harrington*, Cause No. C-1-CV-16-004470, In County Court at Law # 4, Travis County, Texas Application for Protective Order Under Article 7A, at 4 ¶ 19, attached as Exhibit 2 to Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[37] *See Rosales v. Harrington*, Cause No. C-1-CV-16-004470, In County Court at Law # 4, Travis County, Texas Application for Protective Order Under Article 7A, attached as Exhibit 2 to Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct; Temporary Ex Parte Protective Order, attached as Exhibit 3 to Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[38] *See* Section II.D. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[39] *See* Section II.E. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[40] *See In re Jon Deutsh* [*sic*], Petition for Writ of Mandamus, at 10, 14, 27-28, 29, attached as Exhibit 6 to Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

overturn this Court's Order regarding the depositions of Andrew Rosales and Sharon Deutsch.

### E.  Unethical settlement practice in restricting right to practice law[41]

119.    Mr. Rosales proposed to settle some of Plaintiff's pending lawsuits against Mr. Harrington's clients in a draft agreement that proposed that "Plaintiff and myself agree not to sue the Defendants ever again."[42] Mr. Rosales proposed including similar language in other settlement agreements on behalf of Mr. Deutsch.

### F.  Fee–division issues[43]

120.    Plaintiff Deutsch, a nonlawyer, and Attorney Rosales, a lawyer, apparently have an arrangement to share attorney's fees.

### G.  Rosales's conflicts of interest[44]

121.    The conflicts of interest involved in Mr. Rosales representing Plaintiff Deutsch in the impending sanctions hearing when the Court must make a determination concerning their respective individual culpability for any misconduct.

122.    The potential conflicts of interest raised by Mr. Rosales's alleged violation of Texas Disciplinary Rule of Professional Conduct 5.06(b).

123.    The potential conflicts of interest raised by the possible violation of Texas Disciplinary Rule of Professional Conduct 5.04(a) in the fee sharing.

---

[41] *See* Section II.F. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[42] *See* Excerpts from August 2, 2016, email from Omar Rosales to Jason Panzer, attached as Exhibit 7 to Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[43] *See* Section II.G. of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[44] *See* Section II.H of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

124.   The potential conflict of interest raised by the apparently differing interests of Plaintiff Deutsch (whose interest purportedly is to obtain "the goal" of ADA "compliance") and Mr. Rosales (whose interest is in obtaining fees).

### H. Opposing Draker Enterprises, Inc.'s Motion to Substitute Counsel[45]

125.   Plaintiff and Mr. Rosales opposing Draker Enterprises, Inc.'s Motion to Substitute Counsel in *Deutsch v. Draker Enterprises, Inc.*, Cause No. 1:15-CV-807-LY.[46]

### I.   Ethical Violations: Summary[47]

Mr. Rosales's alleged violations of the following Texas Disciplinary Rules of Professional Conduct:

126.   Rule 3.01.

127.   Rule 3.02.

128.   Rule 3.03(a)(1).

129.   Rule 3.03(a)(5).

130.   Rule 3.04(b).

131.   Rule 3.04(d).

132.   Rule 5.04(a).

133.   Rule 5.06(b).

134.   Rule 8.04(a)(2).

---

[45] *See* Section II.I of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

[46] *Deutsch v. Draker Enterprises, Inc.*, Cause No. 1:15-CV-807-LY, Opposed Motion to Substitute Counsel (Dkt. # 8); Response in Opposition to Motion to Substitute Counsel (Dkt. # 10).

[47] *See* Section II.J of Defendants' Consolidated Supplemental Memorandum to Specify Sanctionable Misconduct.

135.    Rule 8.04(a)(3).

136.    Rule 8.04(a)(4).