FILED

2016 AUG 23  PM 4: 16

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| ROY HENRY, | § | A-15-CV-490-LY-ML ✓ |
| Defendant. | § | |

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| DRAKER ENTERPRISES, INC., | § | A-15-CV-807-LY-ML |
| Defendant. | § | |

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| CHIWAWA, INC., | § | A-15-CV-1238-LY-ML |
| Defendant. | § | |

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
| Plaintiff, | § | |
| V. | § | |
| | § | |
| CHRIS D. CLARK AND RONI CLARK, | § | A-16-CV-88-LY-ML |
| Defendants. | § | |

1

| | | |
|---|---|---|
| JON R. DEUTSCH, | § | |
|       Plaintiff, | § | |
| V. | § | |
| | § | |
| LA TIERRA DE SIMMONS FAMILIA LTD., | § | A-15-CV-901-RP-ML |
| | § | |
|       Defendant. | | |

| | | |
|---|---|---|
| | § | |
| JON R. DEUTSCH, | § | |
|       Plaintiff, | § | |
| V. | § | |
| | § | A-15-CV-974-RP-ML |
| PHIL'S ICEHOUSE INC., | § | |
|       Defendant. | | |

## ORDER

The above-styled causes all have pending motions for sanctions that have been referred to the undersigned for disposition by United State District Judges Lee Yeakel and Robert Pitman. *See* 28 U.S.C. § 636(b)(1)(A), FED. R. CIV. P. 72; Loc. R. W. D. Tex. Appx. C, Rule 1(d).

As an initial matter, the undersigned notes that Plaintiff's counsel and Defendants' counsel are the same across the above-styled causes. Defendants' counsel has filed identical motions for sanctions and supplemental memoranda specifying alleged sanctionable conduct in these causes.[1] In these replicated motions and memoranda, Defendants request that the court conduct an evidentiary hearing on the conduct alleged and impose sanctions against Plaintiff Jon R. Deutsch ("Deutsch") and Plaintiff's counsel, Omar Rosales ("Rosales") pursuant to Federal Rule of Civil Procedure 11(c)(3) and the court's inherent power. The undersigned finds it appropriate to address the identical filings in a single order.

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. FED. R. CIV. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the court finds that a document has been presented for an improper purpose, FED. R. CIV. P. 11(b)(1), (2); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, FED. R. CIV. P. 11(b)(2), (3); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation. FED. R. CIV. P. 11(b)(3). Under Rule 11(c)(3), the court may on its own initiative order an attorney or party to show cause

---

[1] For purposes of this Order, the undersigned will refer and cite to the motion for sanctions and supplemental memorandum filed in the *Clark* case. *See* Def. Mot. Sanctions [Dkt. #68] & Def. Supp. Mem. [Dkt. #82] in *Deutsch v. Clark et al.*, 16-cv-88-LY-ML. The undersigned reiterates, however, that Defendants have filed this Motion and Memorandum across all causes covered by this Order.

why conduct specifically described in a court order has not violated the provisions of Rule 11(b).[2]

In addition to the sanctioning authority of Rule 11, federal courts have undisputed, inherent power to regulate practice in cases pending before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). This power originates from "'the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Natural Gas Pipeline v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962)), *cert. denied*, 510 U.S. 1073 (1994). In exercising this power, a court can sanction a party for abuse of judicial processes. *See Chambers*, 501 U.S. at 43–44.

Having reviewed the submissions of both parties on the sanctions issue, the case files, and the relevant law, the undersigned finds an evidentiary hearing on Defendants' sanctions requests is necessary. Because Defendants purport to seek sanctions against both Deutsch and Rosales, the undersigned finds that the presence of both is required at the hearing. After the hearing, if sanctions are merited, the undersigned will make the requisite culpability determination as to each Respondent. *See, e.g., Smith Int'l Inc. v. Tex. Commerce Bank*, 844 F.2d 1193, 1201–02 (5th Cir. 1988).

Defendants summarize the alleged sanctionable conduct of Plaintiff and Plaintiff's counsel in the body of their supplemental memorandum—broken down into discrete subparts—and catalogue the conduct in full in an attachment titled "Particular Acts of Sanctionable

---

[2] Plaintiff's counsel objects to Defendants' motions for sanctions for failure to comply with the procedural requirements of Rule 11(c)(2)—commonly known as the "safe harbor" provision. Plaintiff counsel's statements regarding Rule 11(c)(2) are correct but irrelevant. Defendants urge only that the court impose sanctions pursuant to the authority granted it under Rule 11(c)(3) which does not contain a safe harbor provision. *See Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (observing that counsel was not "shielded" from all Rule 11 sanctions when party requesting sanctions did not comply with safe harbor provision because this subsection 11(c)(3) does not contain a safe harbor provision).

Misconduct." *See* Def. Supp. Mem. Ex. 1 ("Exhibit 1"). For the sake of brevity, the undersigned will refer to the subparts listed in Defendants' Memorandum, incorporating by reference the conduct contained therein as well as the corresponding conduct detailed in Exhibit 1 for each subpart cited.[3] The undersigned finds the following alleged conduct implicates potential sanctions and will be subject to review at the hearing:

- Subpart II.A: "False, abusive statements." *Id.* at 4–6.

- Subpart II.B: "Fabricated email." *Id.* at 6–10.

- Subpart II.C: "Mr. Rosales's criminal-stalking charge and related allegations against Mr. Harrington." *Id.* at 10–12.

- Subpart II.D: "The Motion for Separate Hearing." *Id.* at 12–13.[4]

- Subpart II.J: "Violations of the Disciplinary Rules." *Id.* at 28–34.[5]

Defendants' allegations in subpart II.B ("Fabricated email") merit some additional explication. These allegations concern an email that Plaintiff's counsel attached as an exhibit to his Response in Opposition to Motion to Compel and Motion for Sanctions in the *Clark* case. Dkt. #62-4 in *Deutsch v. Clark, et al.*, 16-cv-88-LY-ML. In the disputed email, Plaintiff's counsel purports to make his third request for Defense counsel to provide dates for the depositions of Defendants Roni and Chris Clark. Defendants state that Defense counsel never received this email and argue that Plaintiff's counsel fabricated it. Their Motion and Memorandum provide some evidentiary support for this claim.

The undersigned cannot overstate the serious nature of this particular allegation. To effectively evaluate this charge, then, the undersigned requires additional evidence and resources

---

[3] The undersigned takes judicial notice of the pleadings and filings cited by Defendants in support of their motion.
[4] There are two "Part D" in Exhibit 1 which appears to be a typographical error. The undersigned incorporates only those allegations in the first Part D. *See* Supp. Mem. Ex. 1 ¶ 117.
[5] The undersigned notes the allegations in the Memorandum under subpart II.J correspond to Part I in attached Exhibit 1. *See id.* at 10–11.

at the hearing. Specifically, the undersigned would look favorably upon a subpoena request from Defendants to Plaintiff counsel's email provider, Yahoo, seeking the email server logs from the dates in question. The return for this subpoena request should be solely to the U.S. District Clerk's Office to avoid any issues relating to attorney-client privilege. Plaintiff's counsel is welcome to produce his own email server logs, but the court requires proper authentication from Yahoo. Furthermore, the parties are encouraged to procure forensic experts to testify at the evidentiary hearing as to the potential manipulation of this email exhibit. The parties must designate and disclose the qualifications of any testifying expert no later than seven (7) days prior to the hearing.

Finally, the undersigned notes that both Deutsch and Rosales are welcome to retain separate counsel for this hearing to obviate any conflicts of interest that may arise because of this sanctions evidentiary hearing. If either Deutsch or Rosales choose to retain separate counsel, the attorney(s) must make an appearance at least one week prior to the hearing.

Accordingly, the undersigned **ORDERS** Omar Rosales and Jon R. Deutsch to appear for an evidentiary hearing on **Tuesday, September 13, 2016 at 9 a.m.** to show cause why the court should not impose Rule 11 sanctions or sanctions pursuant to the court's inherent power.

SIGNED August 23, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE